JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| CENTRAL REGISTRATION DEPOSITORY #1346377, <br><br> Plaintiffs, <br><br> vs. <br><br> FINANCIAL INDUSTRY REGULATORY AUTHORITY, <br><br> Defendants. | Case No.: SACV09-01395-CJC(RNBx) <br><br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## INTRODUCTION

Plaintiff Paul Merritt Christiansen brings this action against the Financial Industry Regulatory Authority ("FINRA") for what he appears to claim was FINRA's violation of his constitutional right to serve and be nominated to the FINRA national board of directors and for causing allegedly false data to be put into his Central Registration

Depository record via internet fraud.  FINRA now moves to dismiss Mr. Christiansen's complaint.  For the following reasons, FINRA's motion is GRANTED.[1]

**BACKGROUND**

Mr. Christiansen's complaint is not a model of clarity.  From what the Court can discern, Mr. Christiansen was a registered representative with the National Association of Securities Dealers ("NASD").[2]  He alleges that he was in the course of being hired prior to his license expiration when FINRA "disseminated grossly false and misleading information about the Plaintiffs alleged prior customers."  (Compl. at 2:25-26.)  Prior to this, he had been registered as a "CRD REP" under the broker dealer supervision of Quest Capital Strategies, Inc.  (Compl. at 3:23-25.)  As noted by Mr. Christiansen, "[t]he rule for CRD REP [S] is that their registration license can only be inactive for 2 years, without a broker dealer, 'employment'."  (Compl. at 4:1-3.)   Apparently Mr. Christiansen left Quest and for nearly two years was not associated with a registered broker dealer.  He eventually "did find and establish a relationship for license transfer with an authorized broker dealer firm in HOUSTON, TEXAS . . . several days before the expiration."  (Compl. at 4:6-8.)

Before the hire was finalized, Mr. Christiansen alleges that "FINRA BY IT secret and internal computer registration, informed the transferee NEW BROKER DEALER OF ''numerous customer complaints'' involving" Mr. Christiansen.  (Compl. at 4:9-12.)  As a result, the new firm stopped Mr. Christiansen's "transfer" to his new job.  (Compl. at 4:13-15.)  Mr. Christiansen alleges that the "so-called customer complaints were specious

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for April 19, 2010 at 1:30 p.m. is hereby vacated and off calendar.

[2] NASD consolidated with the New York Stock Exchange to form FINRA in 2007.  *In re Series 7 Broker Qualification Exam Scoring Litig.*, 510 F. Supp. 2d 35, 36 n.1 (D.C. Cir. 2007).

and patently false.  In fact none of the detail on the FINRA computer involved any customer of the Plaintiff CRD REP."  (Compl. at 4:16-18.)

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations.  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**ANALYSIS**

As a preliminary matter, it is difficult to determine with absolute certainty what causes of action Mr. Christiansen is alleging against FINRA.  However, even if one gives Mr. Christiansen the full benefit of the doubt, his claims fail.  FINRA is a self-regulatory organization ("SRO") registered with the SEC as a national securities association pursuant to the Maloney Act of 1938.  *Sparta v. Surgical Corp. v. NASD*, 159 F.3d 1209,

1210 (9th Cir. 1998).  FINRA "supervises the conduct of its members under the general aegis of the SEC." *Id.* at 1211.  Under the Exchange Act, the SEC is required to approve FINRA rules, policies, practices and interpretations before they are implemented.  15 U.S.C. § 78s(b).  The Exchange Act also requires FINRA to comply with the Exchange Act, SEC regulations, and its own rules.  15 U.S.C. § 78s(g).

According to current FINRA rules, no person may transact securities business of a FINRA member firm without being registered with FINRA, and applicants for registration must be sponsored by an employer.  15 U.S.C. § 78o-3(g)(3)(B)-(C); NASD Rule 1031(a).  Pursuant to its authority under the Exchange Act and SEC regulations, FINRA rules require individuals seeking to be registered to pass the Series 7 examination.  15 U.S.C. § 78o(b)(7), 78o-3(g)(3); 17 C.F.R. § 240.15b7-1;  NASD Rules 1031, 1032(a).  FINRA rules also require those individuals who were previously registered, but who have not been registered for two or more years, to re-take the qualification examination.  NASD Rule 1031(c).  Member firms may apply for a waiver of the examination requirement.  NASD Rule 1070.  If FINRA denies the request, the member firm may appeal pursuant to NASD Rule 9630.

FINRA is required to maintain records that track its member firms and their registered representatives.  15 U.S.C. § 78q(a).  FINRA maintains these records on a computer database entitled the Central Registration Depository ("CRD").  FINRA operates the CRD for the benefit of FINRA, the SEC, other SROs and all 50 states.  *See Rosensweig v. Morgan Stanley & Co., Inc.*, 494 F.3d 1328, 1330 (11th Cir. 2007); *Gold v. S.E.C.*, 48 F.3d 987, 989 n.2 (7th Cir. 1995).  The CRD also includes required forms for registration, including the Form U-4.[3]  *See Desiderio v. Nat'l Ass'n of Sec. Dealers,*

---

[3] FINRA has represented that the false customer complaints to which Mr. Christiansen refers were based on disclosures he made about pending litigation in his Form U-4.  (Mot. Dismiss, Ex. 2(A).)  FINRA has also represented that when Mr. Christiansen complained to FINRA about the improper categorization of

*Inc.*, 191 F.3d 198, 201 (2d Cir. 1999).  Member firms must access the CRD to conduct a pre-registration check when they are determining whether to hire a broker.  NASD Rule 3010.  It is information entered into the CRD and provided to a prospective employer that Mr. Christiansen alleges caused him harm.

The principle claims in Mr. Christiansen's complaint appear to be common law torts of fraud, negligence or defamation.  FINRA argues that as an SRO registered with the SEC, it enjoys absolute immunity from suit for money damages when, as in this situation, it is "acting under the aegis of the Exchange Act's delegated authority."  *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1214 (9th Cir. 1998).  The Court agrees.  Both the Ninth Circuit and other courts of appeal have noted that "[w]hen an SRO acts under the aegis of the Exchange Act's delegated authority, it is absolutely immune from suit for the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated by the SEC."  *In re Series 7 Broker Qualification Exam Scoring Litig.*, 548 F.3d 110, 114-15 (D.C. Cir. 2008) (noting that "[w]here courts accord immunity to SROs, the protection has been absolute.  Courts have declined to craft exceptions for bad faith, fraud, negligence, or even gross negligence." (internal citations omitted)).  In *Series 7*, Plaintiffs challenged errors in NASD's development of the Series 7 exam, the scoring of it, and the reporting of incorrect scores.  *Id.* at 114-15.  The Court observed these obligations only arose because of regulations under the Exchange Act.  *Id.*  Accordingly, common law claims against the NASD for monetary damages were barred.  *Id.*  Similarly here, the acts of which Mr. Christiansen complains, namely, FINRA's administration of Mr. Christiansen's CRD record and registration requirements, were performed pursuant to both statutory and regulatory mandates.  Mr. Christiansen has not alleged that FINRA engaged in activity that was outside of its regulatory function as a quasi-governmental

the lawsuits as customer complaints, FINRA changed the categorization to "other" with "judgment/lien" as the more specific category.  (Decl. Christiansen at 12:14-15.; Mot. Dismiss, Exs. 2(D) and (E).)

entity, and for this, FINRA is entitled to absolute immunity from suit for money damages.

Mr. Christian's claims that FINRA violated his constitutional rights, to the extent that he makes any, fail.  This is because FINRA is not a state actor.  *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 138 (2d Cir. 2002) ("It is clear that [FINRA] is not a state actor").

Finally, in addition to his claim for damages, Mr. Christiansen moves for a declaratory judgment that FINRA transmitted false and derogatory data to a prospective employer, and that this directly caused his two-year registration window to close. (Compl. at 5:1-4.)  Mr. Christiansen also requests an order requiring FINRA to purge irrelevant and false information and to reinstate his registration.  (Compl. at 5:7-14.)  It appears from the face of Mr. Christiansen's complaint that the allegedly false information supplied by FINRA via the CRD was that which it was required to maintain under FINRA rules, the Exchange Act and associated SEC regulations.  Mr. Christiansen lost his registration because he was not associated with a member firm within two years of his previous association with Quest, and he does not allege that he is currently associated with a member firm thus entitling him to registration.  Mr. Christiansen's request, then, is really a prayer that the Court circumvent FINRA rules, which are authorized by the SEC, in order to provide him with relief.  As one court has stated, "[t]he judicial arena is not the proper place to seek revision of the SEC rules."  *Agile Software v. Merrill Lynch & Co.*, 174 F. Supp. 2d 1032, 1036 (N.D. Cal. 2001) (denying request for equitable exception to SEC rule requiring plaintiff to distribute shareholder material).  Mr. Christiansen's request for declaratory relief fails.

1  **CONCLUSION**

2

3      For the foregoing reasons, FINRA's motion to dismiss is GRANTED.

4

5      DATED:      April 14, 2010

6                                        _____

7                                             CORMAC J. CARNEY

8                                        UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28