Name: PAUL MERRITT C.
Address: P.O. BOX 9145
City, State, Zip: LAGUNA, CA 92652
Phone: (949) 249-2492
Fax:
E-Mail:

☐ FPD   ☐ Appointed   ☐ CJA   ☒ Pro Per   ☐ Retained

FILED 2010 JUL 12 PM 3:24 CLERK, U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Central Registration Depository #1346377 PLAINTIFF(S),
v.
Financial Industry Regulatory Authority et al - DEFENDANT(S).

CASE NUMBER: SACV09-01395CJC(ANBx)

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that *Central Registration Depository* (Name of Appellant) hereby appeals to the United States Court of Appeals for the Ninth Circuit from: #1346377

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

### Civil Matter

☒ Order (specify): 4/15/2010 Granting Defendants' Motion to Dismiss

☐ Judgment (specify):

☒ Other (specify): 4/21/2010 Plaintiff's Motion for Reconsideration (1ST denial - No Order) thereafter July 08, 2010 Order Denying Plaintiffs Motion for Reconsideration

Imposed or Filed on _____. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

Date: July 12th, 2010

Signature: Merritt
☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)   NOTICE OF APPEAL

```
7/12/2010 3:21:27 PM  Receipt #: 142854
           Cashier : KPASE [LA 1-1]
Paid by: CARDIFF BAY, LLC
2:CV09-01395
2010-086900        Appeals Filing Fees(1)
Amount :                           $105.00
2:CV09-01395
2010-510000Judicial Services ($150.00)(1)
Amount :                           $150.00
2:CV09-01395
2010-086400Appeals Filing fee - Special(1
)
Amount :                           $200.00
Check Payment : 1103 /              455.00
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CENTRAL REGISTRATION DEPOSITORY #1346377,<br><br>Plaintiffs,<br><br>vs.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br><br>Defendants. | Case No.: SACV09-01395-CJC(RNBx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

## INTRODUCTION AND BACKGROUND

Plaintiff Paul Merritt Christiansen brought this action against the Financial Industry Regulatory Authority ("FINRA") for his claim that FINRA violated his constitutional right to serve and be nominated to the FINRA national board of directors and that FINRA allegedly caused false data to be put into his Central Registration Depository record via internet fraud. FINRA moved to dismiss Mr. Christiansen's

-1-

complaint, and the Court granted FINRA's motion on the grounds that FINRA was entitled to immunity from suit for money damages because it was acting in its quasi-governmental capacity as a self-regulatory organization ("SRO") and that Mr. Christiansen's request for declaratory relief was an attempted end-run around FINRA rules requiring him to properly maintain his registration. Mr. Christiansen now requests that the Court reconsider its order dismissing his case. For the following reasons, Mr. Christiansen's motion is DENIED.[1]

## ANALYSIS

Central District Local Rule 7-18 states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change in law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

LOCAL RULE 7-18. "A party cannot have relief under this rule merely because he or she is unhappy with the judgment." *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for July 12, 2010 at 1:30 p.m. is hereby vacated and off calendar.

-2-

Mr. Christiansen's grounds for relief merely reiterate arguments that the Court rejected in its order dismissing his complaint. His first ground is that FINRA's maintenance of the Central Registration Depository record was not within FINRA's regulatory function. The Court explicitly rejected this argument in its order, and Mr. Christiansen has offered no additional basis for reconsideration of this ground. As for Mr. Christiansen's second ground, he merely restates his argument that FINRA is not entitled to regulatory immunity. Again, Mr. Christiansen fails to present either new law or new facts to support this argument, and the Court has already rejected it. Mr. Christiansen's third ground is a request to allow an amendment to add CRD as a new Defendant because he believes that it is an independent corporation. As an initial matter, Mr. Christiansen made his request for leave to amend in his opposition to FINRA's motion to dismiss. This was procedurally improper. He should have filed the proper application or motion. In any event, it is unclear whether CRD is actually an independent legal entity that has the capacity to be sued in federal court. Moreover, Mr. Christiansen has not demonstrated that CRD, assuming that it is a legal entity capable of being sued, is an indispensible party to this action. The Court's order dismissing his case against FINRA does nothing to prevent Mr. Christiansen from filing a separate action against CRD, and the Court will not force FINRA to remain a party to this action by providing Mr. Christiansen with leave to amend his complaint to permissively join a third party. Mr. Christiansen's fourth ground for relief is that he is not capable of exhausting his administrative remedies before the SEC. However, the Court dismissed Mr. Christiansen's case on the basis of regulatory immunity, not on Mr. Christiansen's failure to exhaust his administrative remedies. Therefore, this argument has no relevance. Finally, his fifth ground for reconsideration is that the Court should afford him declaratory relief. The Court already rejected this argument in its order dismissing this action, and Mr. Christiansen has raised no new arguments to support his case.

**CONCLUSION**

For the foregoing reasons, Mr. Christiansen's motion for reconsideration is DENIED.

DATED: July 8, 2010

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE